[Cite as *In re H.F.*, 2014-Ohio-322.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| IN THE MATTER OF: | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| H.F., A.F., H.F. | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. John W. Wise, J. |
| DEPENDENT CHILDREN | : | |
| | : | Case No. 13-CA-101 |
| | : | |
| | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Court of Common
Pleas, Juvenile Division, Case Nos.
F2010-0713, F2010-0715, F2010-
0716

JUDGMENT:     Affirmed

DATE OF JUDGMENT:     January 30, 2014

APPEARANCES:

For Appellant                                        For Licking County DJFS

RIC DANIELL                                          LIA MEEHAN
1660 NW Professional Plaza, #A        20 South Second Street, 4th Floor
Columbus, OH  43220                          Newark, OH  43055

For Joshua Fleming                              Guardian ad Litem

CORRIE THOMAS                                AVRA TUCKER
P.O. Box 4235                                       341 South Third Street, Suite 11
Newark, OH  43058-4235                     Columbus, OH  43215

*Farmer, J.*

{¶1} On October 21, 2010, appellee, the Licking County Department of Job and Family Services, filed a complaint for temporary custody of H.F. born March 17, 2006, A.F. born January 21, 2009, and H.F. born April 20, 2010, alleging the children to be neglected and/or dependent. Mother of the children is appellant, Christine Craddock; fathers are Shawn Craddock and Joshua Fleming.

{¶2} On December 22, 2010, appellant stipulated to dependency, and temporary custody of the children was granted to appellee.

{¶3} On September 26, 2011, appellee filed a motion for permanent custody based on appellant's failure to comply with the case plan. A dispositional hearing before a magistrate was held on December 5, 2011. By decision filed December 22, 2011, the magistrate recommended permanent custody to appellee. Appellant filed objections. By judgment entry filed October 3, 2013, the trial court denied the objections, and approved and adopted the magistrate's decision.

{¶4} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:

I

{¶5} "THE LOWER COURT'S GRANT OF PERMANENT CUSTODY TO LICKING COUNTY CHILD SERVICES WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND CONTRARY TO THE STRICTURES OF 2151.414"

II

{¶6}    "THE TRIAL COURT ERRED TO THE PREJUDICE OF CHRISTINE CRADDOCK WHEN HEATHER HEATH WAS ALLOWED TO TESTIFY OVER THE OBJECTION OF CHRISTINE CRADDOCK."

I

{¶7}    Appellant claims the trial court erred in granting permanent custody of the children to appellee as the decision was against the manifest weight of the evidence and not in the best interests of the children.  We disagree.

{¶8}    R.C. 2151.414(E) sets out the factors relevant to determining permanent custody.  Said section states in pertinent part as follows:

(E) In determining at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353 of the Revised Code whether a child cannot be placed with either parent within a reasonable period of time or should not be placed with the parents, the court shall consider all relevant evidence.  If the court determines, by clear and convincing evidence, at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353 of the Revised Code that one or more of the following exist as to each of the child's parents, the court shall enter a finding that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent:

(1) Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home.  In determining whether the parents have substantially remedied those conditions, the court shall consider parental utilization of medical, psychiatric, psychological, and other social and rehabilitative services and material resources that were made available to the parents for the purpose of changing parental conduct to allow them to resume and maintain parental duties.

(16) Any other factor the court considers relevant.

{¶9}  R.C. 2151.414(B)(1) specifically states permanent custody may be granted if the trial court determines, by clear and convincing evidence, that it is in the best interest of the child, as long as any of the following applies:

(a) The child is not abandoned or orphaned, has not been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period, or has not been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period if, as described in division

(D)(1) of section 2151.413 of the Revised Code, the child was previously in the temporary custody of an equivalent agency in another state, and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents.

(b) The child is abandoned.

(c) The child is orphaned, and there are no relatives of the child who are able to take permanent custody.

(d) The child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period, or the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period and, as described in division (D)(1) of section 2151.413 of the Revised Code, the child was previously in the temporary custody of an equivalent agency in another state.

{¶10} In his decision filed December 22, 2011, the magistrate found the following:

3. Christine Craddock is the mother of eight children. However, she did not retain custody of any of her children beyond their seventh birthday. She is an extremely severe parent. Christine suffers from a serious

mental illness that resembles obsessive-compulsive disorder (although no clear diagnosis was established by the evidence). She is obsessed with dirt, germs and absolute control over the objects and space inside her home. She severely limits the movements of anyone, including her children, inside her home. Her older children are not welcome in her home at all. Unfortunately, Christine does not comprehend the devastating effects of her neurotic behavior. She demonstrates no understanding of child development and very minimal parenting skills. As one terrible example, Christine believes that it is appropriate to bite her children as a discipline technique. Christine made minimal progress on the case plan. Christine Craddock will not be an appropriate parent with the foreseeable future.

{¶11} The fathers did not appear at the final hearing, did not file objections, and have not filed notices of appeal. T. at 6. Therefore, the central issues sub judice are whether appellant complied with the case plan, whether she rectified the conditions that led to the removal of the children from the home, and whether permanent custody is in the best interests of the children.

{¶12} The event that initiated the complaint was the discovery of an adult bite mark on H.F.'s cheek. T. at 141. Appellant was charged with child endangering, but pled to disorderly conduct. T. at 40. Appellant refused to accept responsibility for the bite, and made various claims about the mark being caused by a sibling. T. at 145-146.

The very nature of an adult bite mark on the face of a five year old demonstrates a lack of control by appellant.

{¶13} Appellee filed a case plan for appellant that included a mental health evaluation, counseling, and parenting classes. T. at 142. Appellant has demonstrated obsessive compulsive traits causing her to be "mean to the kids." T. at 144. Appellant's obsessive compulsive traits included controlling where the children were allowed to play (on a blanket on the living room floor that was removed when they left), not permitting the children to eat at the kitchen table, permitting the children to use the bathroom on occasion, and not permitting the children to leave the living room or enter the hall, kitchen or H.F.'s bedroom. T. at 29-33, 36-37, 60-61, 64, 128-130, 150.

{¶14} Appellee's social worker, Matt Tracy, oversaw appellant's progress. When supervised visitations occurred at the agency, appellant "seemed to relax a little bit." T. at 148. After the supervised visitations progressed into the home, appellant became more controlling and rigid. T. at 67, 130, 149. Appellant reacted possessively to all of her belongings, referring to everything as "my house," "my TV," etc., and not permitting the children to touch her knickknacks. T. at 70, 130. Appellant refused to turn on any lights and her home was very dark and depressing. T. at 130. Mr. Tracy removed a visitation supervisor, Carla Chonko, because of appellant's complaints and reactions to Ms. Chonko's suggestions during visitations. T. at 38-39, 164.

{¶15} Appellant began counseling, but stopped because she lost her health card and did not start up again until the issue of permanent custody was discussed. T. at 17-18, 143, 172, 179, 192. Her most recent clinical counselor was Lisa Green. Ms. Green diagnosed appellant with "major depression, recurrent, moderate, and also anxiety

disorder NOS [not otherwise specified]."  T. at 48.  Over the course of the case plan, appellant has not demonstrated any significant change regarding her obsessive compulsive traits.  T. at 181.  Appellant denies having any issues, and she and her counselors have yet to address her obsessive compulsive traits.  T. at 168, 182, 213.

{¶16} It was feared that these traits could lead to anger should her rigid guidelines be breached and "she could hurt the kids because she hasn't dealt with that issue."  T. at 151.  Ms. Chonko and Mr. Tracy both opined that they had seen outbursts from appellant and feared for the children's safety.  T. at 136, 151.  In her report filed on or about November 28, 2011, the guardian ad litem summarized appellant's conduct as follows:


Ms. Craddock still continues to exhibit obsessive-compulsive behaviors that affect her ability to parent the children; she still does not allow the children to go to certain areas of her home for fear that they will spread germs and dirt.  During her supervised visits at her home, the Guardian *ad* Litem has observed that she confines the children only to her living room area; they must play on a big rug that she sets a few toys on. The children are not allowed to go to other areas of the home.  It has only been during the past few visits that she has removed the rug from the floor during her visits and allowed the children to eat in the kitchen; however, Ms. Craddock still does not freely let the children roam and play past the living room area.

***

Although Ms. Craddock is currently in counseling at Moundbuilders, the GAL has concerns about Ms. Craddock's obsessive compulsive disorder as it relates to germs and dirt, and raising her children. Even during her supervised visits, she still does not allow the children to enter other rooms of her residence. The minor children are at an age where they like to explore and learn about new things; Ms. Craddock does not allow the children to explore when I, the parenting mentors, or Mr. Tracey (sic) are there. It is the opinion of the Guardian *ad* Litem that she will continue to have these compulsive behaviors if not worse when she is not being supervised. The Guardian *ad* Litem is also concerned about her past involvement with Licking and Franklin County Children Services and her losing custody of her older five (5) children. Ms. Craddock has not raised any of her children past the age of seven (7) years old.

{¶17} Although not a present issue, appellant's adult children also told of her compulsiveness with cleanliness. This included requiring the children to shower when visiting her and rewashing clean clothes from the grandparents' home. T. 89-90. Appellant has a 10 year old son with whom she has no contact. T. at 68-69.

{¶18} Both Mr. Tracy and Roberta McDonald, a parent mentor for appellee, opined they did not believe any further time would alleviate the problems. T. at 75, 165. Appellant was nonamenable to suggestions. T. at 136, 151.

{¶19} We concur with the trial court's assessment that reasonable efforts have been made by appellee, but appellant was non-compliant. We find clear and convincing evidence that the children are in need of permanent stable placement.

{¶20} The children have adjusted to their foster homes. The oldest at age five is now potty trained and is no longer on ADHD medication. T. at 161. Appellant's previous actions to her now adult children, one of whom is receiving ongoing counseling, and her inability to even permit them in her home, demonstrate that the best interests of the three younger children do not lie with appellant's rigid, controlled environment, but in a secure permanent placement. T. at 90.

{¶21} Upon review, we find the trial court did not err in granting permanent custody of the children to appellee.

{¶22} Assignment of Error I is denied.

II

{¶23} Appellant claims the trial court erred in permitting Heather Heath to testify over her objection as her trial counsel had not received the supplemental discovery naming Ms. Heath until Friday before the trial and no address was listed. Appellant argues this prejudiced her case. We disagree.

{¶24} We note in the Civ.R. 53 objections to the trial court, no objections were made on this issue.

{¶25} Ms. Heath was not subpoenaed by either side, but voluntarily appeared at the trial. At the time of the hearing, Ms. Heath was 22 years old and is appellant's oldest child. T. at 84. Ms. Heath testified that appellant knew she was living with her boyfriend. *Id.* Ms. Heath affirmed that appellant knew her address. *Id.*

{¶26} Ms. Heath testified to appellant's compulsive traits and controlling behavior as it related to the environment of her half-siblings. T. at 88-89. Appellant's behavior was thoroughly vented through other witnesses.

{¶27} Upon review, we find no discovery violations or any undue prejudice to appellant.

{¶28} Assignment of Error II is denied.

{¶29} The judgment of the Court of Common Pleas of Licking County, Ohio, Juvenile Division is hereby affirmed.

By Farmer, J.

Hoffman, P.J. and

Wise, J. concur.

SGF/sg 113